**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HARRY J. WILLIAMS AND** | § | |
| **MARILYN J. WILLIAMS** | § | |
| | § | |
| **V.** | § | **A-10-CV-711-LY** |
| | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Partial Motion to Dismiss, pursuant to Federal Rule of

Civil Procedure 12(b)(6) (Clerk's Docket No. 17); Plaintiffs' Response to Defendant's Partial

Motion to Dismiss (Clerk's Docket No. 19); and Defendant's Reply in Support of its Partial Motion

to Dismiss (Clerk's Docket No. 21).

The Magistrate Judge submits this Report and Recommendation to the United States District

Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix

C of the Local Court Rules of the United States District Court for the Western District of Texas, Local

Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On November 6, 2003, Plaintiffs Harry and Marilyn Williams ("Plaintiffs") obtained a home

equity loan ("Loan") in the amount of $192,000 secured by a lien on their Texas homestead from

New Century Mortgage Corporation ("New Century" or "Lender").  On October 16, 2007, New

Century assigned the Loan to Defendant Deutsche Bank National Trust Company ("Deutsche").  On

May 8, 2010, Deutsche filed a foreclosure proceeding against Plaintiffs in state court alleging that Plaintiffs had defaulted on their Loan, and seeking an order of foreclosure on Plaintiffs' homestead pursuant to Texas Rules of Civil Procedure 736.  *See In re Williams*, No. D-1-GN-10-001475 (419th Dist. Ct., Travis County, Tex. May 8, 2010).

A few months after Deutsche initiated the foreclosure proceeding, on August 25, 2010, Plaintiffs filed their own lawsuit in state court against Deutsche alleging that "the Lender"[1] violated the Texas Constitution by: failing to provide them with copies of all documents they signed related to the their Loan; extending credit that exceeded 80% of the fair market value of their homestead on the day the extension of credit was made; and by leaving blanks on certain loan documents.  *See Williams v. Deutsche Bank National Trust Co.*, No. D-1-GN-10-002995 (201st Dist. Ct., Travis County, Tex. Aug. 25, 2010). Plaintiffs' Original Petition also alleged fraud, negligent misrepresentation, violation of the Texas Debt Collection Act and sought a judgment declaring the Note on the Loan null and void.  *Id.*  On September 27, 2010, Deutsche removed this case to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441.

Plaintiffs filed their First Amended Complaint against Deutsche on December 1, 2010, again alleging that the Lender, New Century Mortgage Corporation, violated the Texas Constitution by failing to provide Plaintiffs with copies of all documents they signed related to the their Loan, extending credit that exceeded 80% of the fair market value of their homestead on the day the extension of credit was made, and by leaving blanks on instruments related to Plaintiffs' Loan. Plaintiffs also allege that the Lender committed fraud, negligent misrepresentation and violated the

---

[1]Although Plaintiffs have filed this lawsuit against Defendant Deutsche Bank National Trust Company, Plaintiffs' allegations are all asserted against New Century Mortgage Corporation, which Plaintiffs refers to in their Complaint as "the Lender."

Texas Debt Collection Act.  Finally, Plaintiffs contend that Deutsche may not enforce the Note because it is not the actual holder of the Note.  In addition to monetary damages, Plaintiffs "request the court to declare Defendant is not entitled to enforce the Note, and permanently enjoin it from taking any action to do so." Plaintiffs' First Amended Complaint at ¶ 39.

Deutsche has now filed the instant Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' Texas Constitutional, fraud and negligent misrepresentation claims are barred by statutes of limitation.  Plaintiffs respond that the statutes of limitation with regard to these claims should be tolled under the discovery rule and/or the doctrine of fraudulent concealment.  The Court will now address these arguments below.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).  To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.  ANALYSIS

Deutsche argues that Plaintiffs' state constitutional, fraud and negligent misrepresentation claims are barred by the applicable statutes of limitation and, therefore, should be dismissed from this lawsuit.  In a diversity case, such as this, in which the causes of action arise under Texas law, federal courts apply Texas statutes of limitation, along with any accompanying rules regarding accrual and tolling. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir.) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)), *cert. denied*, 522 U.S. 817 (1997).  It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims. *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp.2d 681, 688 (E.D. Tex. 2009).  Generally, in Texas, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).  The Court will now address each of Plaintiffs' claims separately to determine whether they are barred by limitations.

### A.    Texas Constitutional Claims

Plaintiffs' First Amended Complaint alleges that New Century Mortgage Corporation ("the Lender") violated article XVI, section 50(a)(6) of the Texas Constitution by failing to provide Plaintiffs with copies of all documents they signed related to the their Loan, extending credit that exceeded 80% of the fair market value of their homestead on the day the extension of credit was made, and for leaving blanks on instruments related to Plaintiffs' Loan.  *See* Tex. Const. art. XVI,

§§ 50(a)(6)(Q)(v), 50(a)(6)(B), 50(a)(6)(Q)(iii).  Defendant argues that these claims are barred by the applicable four-year statute of limitations.  The Court agrees.

Although article XVI, section 50(a)(6) of the Texas Constitution does not contain a statute of limitations, the four-year statute of limitations contained in § 16.051 of the Texas Civil Practice and Remedies Code applies to this provision.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008) (when no corresponding action expressly listed within statutes, residual four-year statute of limitations applies); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App.– Dallas 2008, no pet.) (same).  Because the accrual date for Plaintiffs' claims have not been defined in the statute, the Court must determine when Plaintiffs' claims accrued in this case.  *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (noting when the accrual date is not contained in the statute, the courts are charged with the responsibility of articulating the rules governing accrual).  According to the Texas Supreme Court, "a cause of action accrues when a  wrongful act causes some legal injury." *S.V.*, 933 S.W.2d at 4.  This is the case "even if the fact of injury is not discovered until later" and "if all resulting damages have not yet occurred." *Id.*; *see also, XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 634 (Tex. App.– Houston [14th Dist.] 2006, pet. denied) ("Stated another way, a cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury.").

In cases involving challenges to home equity loans as in the instant case, courts have held that the four-year statute of limitations applicable to Texas constitutional claims should be calculated from the date of the closing on the home equity loan.  *See Johnson v. Deutsche Bank National Trust Co.*, 2010 WL 4962897 at * 4 (S.D. Tex. Dec. 1, 2010) (holding that the four-year statute of limitations applied to Plaintiff's state constitutional claim regarding home valuation and accrued at

loan closing);  *In re Ortegon,* 398 B.R. 431, 439-440 (Bankr. W.D. Tex. 2008) (holding that Texas

constitutional claim accrued at loan closing on the home equity loan); *Schanzle v. JPMC Specialty*

*LLC,* 2010 WL 5019698 at * 3 (Tex. App.– Austin Dec. 9, 2010, no pet.) (finding that limitations

period applicable to constitutional claim in home equity case should be calculated from the date of

the closing on the loan);  *Rivera*, 262 S.W.3d at 840 (rejecting borrowers' argument that the cause

of action did not accrue until the "maturity date of the last note, obligation, or installment," and

holding that the legal injury occurred when the loan was made in violation of the home equity

statute, which was the date when the loan closed").  Thus, unless an exception to the legal injury rule

applies in this case, the four-year limitations period on Plaintiffs' constitutional claims began to run

on November 6, 2003, when Plaintiffs closed on their Loan.  *See* Amended Complaint at ¶ 6.

Plaintiffs therefore had until November 6, 2007, to file their Texas constitutional claims in this case.

Because Plaintiffs did not file these claims until August 25, 2010, these claims are barred by the

applicable statute of limitations.

Plaintiffs seek to avoid this outcome by arguing that the discovery rule should apply in this

case because at the time they entered into the home equity loan transaction, "Plaintiffs had no

experience with Texas home equity loan at that time and were completely unfamiliar with the laws

regarding the same." Plaintiffs' Response at p. 6.  Plaintiffs allege that they "had no way to discovery

[sic] that appraiser, Lender, and mortgage broker were inducing them into a transaction that Plaintiffs

allege did not and could not meet normal underwriting standards for a residential mortgage."

Plaintiffs' Response at ¶ 29. Plaintiffs claim that they "only recently discovered the injury through

recent consultation with professionals after Plaintiffs inevitably began defaulting on their loan due

to the increasing interest rate."  Plaintiffs' Response at ¶ 31.

First, the Court notes that Plaintiffs' argument that the discovery rule should apply because they were "unfamiliar with the laws regarding Texas home equity loans" is entirely without merit. A plaintiff's ignorance of the law is not a reason to apply the discovery rule since "the discovery rule applies to the knowledge of facts on the part of the appellant as opposed to a *knowledge of the law*." *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App.– Beaumont 1994, writ denied) (emphasis added). Under Texas law, the discovery rule is a limited exception to the general rule that a cause of action accrues when a wrongful act causes some legal injury. *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008). The rule provides that the statute of limitations will run "not from the date of the [defendant's] wrongful act or omission, but from the date the nature of the injury was or should have been discovered by the plaintiff." *Weaver v. Witt*, 561 S.W.2d 792, 793-94 (Tex. 1977). The discovery rule tolls the statute of limitations only if the injury is both inherently undiscoverable and objectively verifiable. *K3C Inc. v. Bank of Am. ., N.A.*, 204 Fed. Appx. 455, 462 (5th Cir. 2006) (per curiam) (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). An injury is inherently undiscoverable if, by its very nature, it is unlikely to be discovered within the applicable limitations period notwithstanding the exercise of due diligence. *S.V.*, 933 S.W.2d at 7. "Inherently undiscoverable" does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. *Id.* Instead, a court determines whether the plaintiff's general type of injury is inherently undiscoverable on a categorical basis. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001) (citing *S.V.*, 933 S.W.2d at 6). Lastly, it is important to note that the discovery rule delays the statute of limitations *only* until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of action: "It does not operate to toll the running of the limitation period until such time as plaintiff

discovers all of the elements of a cause of action. Once [a claimant learns] that she [has] been injured, the burden [is] on her to determine whether she should file suit." *Colonial Penn Ins. v. Market Planners Ins. Agency Inc.*, 157 F.3d 1032, 1034 (5th Cir. 1998) (quoting *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. App.– San Antonio 1985, writ dism'd.)); *see also, DBMS Investments, L.P. v. Exxonmobil Corp.*, 2009 WL 1974646 at * 6 (Tex. App.– Corpus Christi June 11, 2009, pet. denied) ("[A] plaintiff who invokes the discovery rule must have sought information about his injuries and their likely cause once apprised of facts that would prompt a reasonably diligent person to make an inquiry that would lead to discovery of the cause of action."); *Seibert v. General Motors Corp.*, 853 S.W.2d 773, 777 (Tex. App.– Houston [14th Dist.] 1993, no writ) ("Texas law makes it clear that it is the discovery of the injury, and not the discovery of the cause of action, which starts the running of the clock....").

The Court finds that the discovery rule does not toll the limitations period with regard to Plaintiffs' constitutional claims because these constitutional violations are not the type of injuries which are "inherently undiscoverable." Again, Plaintiffs allege that the Lender violated the Texas Constitution by failing to provide them with copies of all documents they signed related to the their Loan, by extending credit that exceeded 80% of the fair market value of their homestead on the day the extension of credit was made and by leaving blanks on the Loan instruments. All of these claims are based upon information which was available to Plaintiffs at the time they closed on the Loan. Plaintiffs would have been aware at the time they closed on the Loan if they were not provided copies of the documents and if blanks were left on some of the documents. *See A.I. Credit Corp. v. Thomas,* 2006 WL 282598 at * 235-6 (5th Cir. Sept. 28, 2006) (holding that plaintiff alleging violations of Texas insurance statutes, breach of fiduciary duty, negligent misrepresentation,

conspiracy and promissory estoppel, was put on notice of his injury as of the date he signed the promissory note and thus discovery rule did not apply); *In re Ortegon*, 398 B.R. at 441 (noting that plaintiff was put on notice of her claim that home equity loan violated Texas Constitution by signing several loan documents that contained warnings about signing documents containing blanks).

In addition, Plaintiffs were either aware of or could have easily become aware of the fair market value of their home at the time they closed on the Loan.  For example, Plaintiffs singed the "Affidavit of Fair Market Value of Homestead Property" which stated that the Plaintiffs and the lender "agree on the date of closing that the fair market value is $240,00.00."  *See  Johnson*, 2010 WL 4962897 at * 5 (holding that discovery rule did not apply to plaintiff's constitutional claim on home valuation where plaintiff had access to home audit at the time of closing).  Plaintiffs were also aware of the condition of their home and could have easily accessed comparable home values from local real estate agents, county property tax sites, *etc*.  Thus, information regarding the fair market value of Plaintiffs' home was not inherently undiscoverable. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001) (ruling that plaintiffs' injury was "the type that could have been discovered with reasonable diligence" and that "therefore the discovery rule does not apply to defer accrual of their claims."); *HECI Exploration Co.*, 982 S.W.2d at 887 (holding that "filings and other materials publicly available from the Railroad Commission are a ready source of information, and a cause of action for failure to provide that same information is not inherently undiscoverable.").  Accordingly, the discovery rule will not toll the statute of limitations in this case with regard to Plaintiffs' Texas Constitutional claims.  Therefore, Plaintiffs' claims under the Texas Constitution are time-barred and should be dismissed from this lawsuit.

**B.**      **Plaintiffs' Fraud Claim**

Plaintiffs' First Amended Complaint alleges that "the Lender [New Century Mortgage Corporation] made material false representations to Plaintiffs" to induce Plaintiffs to enter into the loan transaction.  First Amended Complaint at p.6.  Specifically, Plaintiffs allege that the Lender intentionally inflated the appraisal used to increase the loan value which in turn increased the fees to the Lender.  Plaintiffs further allege that "the Lender's sole purpose in executing the loan was to collect fees, rebates, kickbacks and profits that were never disclosed to Plaintiffs and only recently been discovered by Plaintiffs through consultation with experts."  Deutsche argues that Plaintiffs' fraud claim should be dismissed because (1) it is barred by limitations and (2) Plaintiffs fail to allege that Deutsche or any of its representatives made any misrepresentation to Plaintiffs.

In Texas, common law fraud claims are subject to a four-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4).  Like Plaintiffs' constitutional claims, Plaintiffs' common law fraud claim accrued on the date of the closing of the Loan in this case.  *See Grant-Brooks v. Wilshire Credit Corp.*, 2004 WL 1194462 at * 4 (N.D. Tex. May 27, 2004) (holding that Plaintiffs should have known about fraud claim on the date of the loan closing).  Thus, Plaintiffs were required to file their fraud claim on or before November 6, 2007.  Plaintiffs argue that the limitations period for their fraud claim should be tolled under the doctrine of fraudulent concealment.

Under the fraudulent concealment doctrine, "accrual is deferred because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V.*, 933 S.W.2d at 6. In such cases, the limitations period is tolled "until such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action." *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999); *See also, Nichols v. Smith*, 507

S.W.2d 518, 519 (Tex.1974) (noting that, in an instance of fraudulent concealment, "the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered"). "Notably, this is the same standard that applies to the discovery rule." *Trousdale v. Henry*, 261 S.W.3d 221, 235 (Tex. App.– Houston [14 Dist.] June 24, 2008, pet. filed).

For the same reasons as discussed above with regard to the discovery rule, the statute of limitations should not be tolled in this case with regard to Plaintiffs' fraud claim under the doctrine of fraudulent concealment. Plaintiffs were aware or should have been aware of the facts underlying their fraud claim at the time they closed on the Loan. Thus, Plaintiffs were required to have filed their fraud claim on or before November 6, 2007. Because Plaintiffs did not file their fraud claim until 2010, it is time-barred and should be dismissed from this lawsuit.

## C.     Plaintiffs' Negligent Misrepresentation Claim

Plaintiffs also have asserted a negligent misrepresentation claim against Deutsche in this case. Plaintiffs' First Amended Complaint alleges that the Lender failed to advise Plaintiffs that the Loan was not in their best interest; the adjustable rate mortgage was an inter-temporal transaction on which Plaintiffs had only qualified on the initial "teaser" fixed rate of 7.6%; and that Plaintiffs would not be able to meet their financial obligation on the loan given their income and expense history. Deutsche argues that this claim is also barred by limitations. The Court agrees.

The statute of limitations for a claim of negligent misrepresentation is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon Supp. 2010); *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). Thus, Plaintiffs should have filed their negligent misrepresentation claim by November 2005. Because Plaintiffs were aware or should have been aware of the facts underlying

their negligent misrepresentation claim at the time they closed on the Loan, the limitations period should not be tolled in this case under either the discovery rule or under the doctrine of fraudulent concealment.[2]  Accordingly, Plaintiffs' negligent misrepresentation claim is time-barred and should be dismissed.

Based upon the foregoing, Plaintiffs' Texas Constitutional, fraud and negligent misrepresentation claims are all time-barred and should be dismissed from this lawsuit. Accordingly, Defendant's Partial Motion to Dismiss should be granted in its entirety.

## IV.  RECOMMENDATION

The Magistrate Judge **HEREBY RECOMMENDS** that the District Court **GRANT** Defendant Deutsche Bank National Trust Company's Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Clerk's Docket No. 17) and **DISMISS** Plaintiffs' Texas Constitutional, fraud and negligent misrepresentation claims *with prejudice.*

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[2]It should be noted that in *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1372 (5th Cir. 1994), the Fifth Circuit held that the discovery rule does not apply to negligent misrepresentation claims, finding that the Texas courts classify such a cause of action "as a negligent tort rather than a fraud action." A few years later, however, the Fifth Circuit stated that "It is unclear whether the discovery rule tolls the Texas statute of limitations for negligent misrepresentation claims." *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 570 (5th Cir. 2003).  This uncertainty does not have an effect on this case, however, since the Court finds that the discovery rule would not apply to the facts of this case.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of March, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

13